IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA L. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-0776 |
| | § | |
| EXXON MOBIL CORPORATION | § | |
| d/b/a EXXON MOBIL CHEMICAL | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER OF REMAND

Plaintiff, Cynthia Foster, filed suit in state court against her former employer, ExxonMobil Corp., in December 2003. Foster alleged wrongful termination of her employment, in violation of section 21.001 *et seq.* of the Texas Labor Code, because she refused to adopt the religious beliefs of her supervisor. On March 10, 2005, ExxonMobil removed to this court on the basis of federal question jurisdiction. ExxonMobil asserted that it became aware that the case was removable after reviewing the motion to compel Foster filed in state court on February 25, 2005. That motion stated, in part, that ExxonMobil violated "Title VII of the United States Constitution." Foster has timely moved to remand, arguing that this court lacks subject matter jurisdiction. Foster also seeks attorneys' fees and costs for improper removal.

Based on a careful review of the pleadings, the motion and response, the parties' submissions, and the applicable law, this court grants Foster's motion to remand and denies the motion for costs and fees. The reasons are stated below.

## I.     Factual and Procedural Background

Foster is a self-described Christian female who began her employment with ExxonMobil in 1980 as a lab technician. In September 1998, Foster's immediate supervisor, Elaine Scharold, sent Foster out "for a day of pampering" in honor of her birthday. Foster alleges that when she went for this "pampering," she discovered that it was an "indoctrination" for a new age religion known as "Reiki." During this "indoctrination," Foster learned that Scharold — as well as all of her lab coworkers — adhered to the teachings of a Reiki leader, Alix Rodwell.[1] After her session, Foster alleges that her coworkers subjected her to "unrelenting" coercion to join this "cult." In January 2002, ExxonMobil changed Foster's work schedule and, on May 17, 2002, terminated her employment. According to Foster, ExxonMobil unjustifiably blamed her for lab mistakes, claiming that she "made a bad injection on an instrument" and "authorized" the erroneous data. (Docket Entry No. 1 (1st Amend. Pet.)). Foster claims that she was fired because of her refusal to follow to Rodwell's Reiki teachings. She alleges that management treated favorably those employees who, unlike Foster, subscribed to the Reiki "cult practices." *Id*.

---

[1] Rodwell's teachings include a variety of body/mind therapies such as New Decision Therapy™ and the Body Talk™ "tapping" system, where the Reiki patient touches the part of body that needs repair, and the practitioner then taps the patient's head and chest to "focus the brain toward repair" and "store the changes in the 'heart energy complex.'" (Docket Entry No. 5, att. B). *See also* http://www.alixrodwell.com (last visited June 8, 2005).

Foster filed her initial petition in state court in December 2003. She alleged no federal claims and sought relief only under Texas law. Foster served ExxonMobil with her amended petition on February 27, 2004, in which she again asserted only state law claims. Foster filed a motion to compel production in state court on February 25, 2005. In the "Background Facts" section of her motion to compel, Foster stated that she had pleaded a violation of "Title VII of the United States Constitution." Based on this single reference to "Title VII," ExxonMobil removed the case on March 10, 2005, asserting federal question jurisdiction. (Docket Entry No. 1).[2] Foster moved to remand on April 8, 2005, claiming that the reference to Title VII was a "typographical error, caused by the 'super copy' function of the word processor," and disclaiming any relief under federal law. (Docket Entry No. 5).

## II.   The Applicable Legal Standards

Section 1447(c) provides two grounds for remand: a defect in removal procedure or a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). In a motion to remand, the removing party bears the burden of showing that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), *appeal after remand*, 915 F.2d 965 (5th Cir. 1990), *aff'd*, 503 U.S. 131, 112 S. Ct. 1076 (1992)). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute."

---

[2] The state court had set a hearing on the motion to compel for March 11, 2005.

*Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 823 (S.D. Tex. 2000) (citing *Albonetti v. GAF Corp.-Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002), if there is any doubt that a right to removal exists, "ambiguities are to be construed against removal." *Manguno*, 276 F.3d at 723.

Removal under section 1441(b), on which ExxonMobil relies, is appropriate only for claims within the federal question jurisdiction of the district courts, that is, for "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Whether a cause of action presents a federal question depends on the allegations of the plaintiff's well-pleaded complaint. *See Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908). Even if a plaintiff does not assert a federal claim in the complaint, there is federal question jurisdiction if it is clear from the face of the complaint that a federal law that creates a cause of action is an essential component of the plaintiff's state law claim. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 814 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). However, "the long-settled understanding [is] that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

If a case is not removable based on face of the initial complaint, section 1446 permits a defendant to remove "within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 8 U.S.C. § 1446(b). Although the "safe harbor" provision of

4

section 1446(b) prevents removal on the basis of diversity jurisdiction after one year following the "commencement of the action" in state court, no such limit applies to removal of federal question cases. 28 U.S.C. § 1446(b).

### III. Analysis

Foster asserts a procedural defect in removal and that this court lacks subject matter jurisdiction. (Docket Entry No. 5). As to the first ground, Foster contends that a motion to compel does not provide grounds for removal before it is granted and that ExxonMobil's removal is premature. The plain language of section 1446(b) — "an amended pleading, *motion*, order, or other paper" — as well as case law contradict Foster's argument. Section 1447(c) provides for remand if there is a defect in removal procedure. Section 1446, which provides the procedure for removal, states that a defendant may remove "within thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). In the removal notice, ExxonMobil argues that Foster's motion to compel makes the case removable under federal question jurisdiction because it states that she asserts claims under "Title VII of the United States Constitution."

A motion filed in state court can provide a basis for removal before it is granted. *See, e.g., Brandon v. Toyota Motor Corp.*, 240 F. Supp. 2d 604, 606 (S.D. Miss. 2002) (noting that a plaintiff's motion to amend his state complaint to drop all nondiverse defendants and

add a diverse defendant made the case removable);[3] *Groh v. Groh*, 889 F. Supp. 166 (D.N.J. 1995) (holding that a case became removable upon receipt of plaintiff's motion for sequestration of ERISA benefits); *Harriman v. Liberian Mar. Corp.*, 204 F. Supp. 205, 206 (D. Mass. 1962) (holding that the removal period began when defendant received a motion and noting that Congress did not condition the removal period on defendant's "knowledge that a motion had been allowed but, rather, receipt of a document"); *cf. S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) (holding that defendant's receipt of deposition transcript constituted "other paper" within the meaning of section 1446). If Foster had in fact stated a cause of action arising under federal law, ExxonMobil's thirty-day period for removal would have begun when it received Foster's motion to compel. ExxonMobil's removal of the case based on the receipt of Foster's motion to compel production was neither premature nor a defect in removal procedure.

Remand is required, however, because this court lacks federal question jurisdiction. A determination that a cause of action presents a federal question depends on the allegations of the plaintiff's well-pleaded complaint. *See Mottley,* 211 U.S. at 152. The phrase that the plaintiff is the "master of his complaint," *Willy*, 855 F.2d at 1167, reflects the ability of a plaintiff with a choice between federal and state law claims to elect to proceed in state court on the exclusive basis of state law, defeating the defendant's opportunity to remove but

---

[3] Courts have also held that because a judge has discretion to deny a motion to amend, a defendant removing based on such a motion has no justification for removal until the motion is granted. *See, e.g., Schoonover v. West Am. Ins. Co.*, 665 F. Supp. 511 (S.D. Miss. 1987). Removal in this case is not based on a motion to amend. This court need not decide between the conflicting views.

taking the risk that any federal claims will be precluded. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n.7 (1987) (noting that, because the plaintiff is the "master of the claim," "he or she may avoid federal jurisdiction by exclusive reliance on state law") (footnote omitted); 1A JAMES W. MOORE & BRETT A. RINGLE, MOORE'S FEDERAL PRACTICE 0.160 (2d ed. 1996) (noting the freedom of the plaintiff to "ignore the federal ground and rely on the state ground").

In her state court petition, Foster alleged that Exxon violated the Texas Labor Code. In the "Background Facts" section of her motion to compel, Foster stated that ExxonMobil violated "Title VII of the United States Constitution." The Constitution contains no such provision. Foster did not assert a cause of action or make any claim for relief under "Title VII" or any other federal statute. Simply mentioning a statute does not state a cause of action under that statute. *See, e.g., Easton v. Crossland Mortgage Co.*, 114 F.3d 979, 982 (9th Cir. 1997) (holding that no removal jurisdiction existed when a sexual harassment complaint referred to Title VII of the Civil Rights Act and the U.S. Constitution but sought remedies available only under state law, and the plaintiffs stipulated that they were not seeking any federal remedy); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996) (holding that removal was improper because, although a federal statute was referred to in the complaint, the claim (wrongful termination) did not "arise under" the federal statute but rather under state law, and references to Title VII in pleading state law claims did not turn those claims into federal causes of action); *Smith v. Bank One Corp.*, No. Civ. A. 03-03372, 2004 WL 1274480, at *2 (E.D. La. June 7, 2004) (holding that a

conclusory mention that a private actor's conduct violated civil and constitutional rights did not satisfy the "well-pleaded complaint" rule).

*Matthews v. Stewart*, 207 F. Supp. 2d 496, 498–99 (M.D. La. 2001), is instructive. In *Matthews*, the plaintiff sued in state court, alleging that her employer had violated the Civil Rights Act of 1991, the Fourteenth Amendment of the United States Constitution, the Louisiana Civil Code, and the Louisiana Constitution. *Id.* at 496. The defendant removed to federal district court and the plaintiff moved to remand. *Id.* The district court remanded, stating that a passing reference to two federal laws without any factual basis or explanation did not confer federal question jurisdiction. *Id.* at 499. Similarly, in this case, Foster only mentioned a violation of a provision of the United States Constitution — a nonexistent provision at that — in a section of a motion to compel setting out the background of the case. Even assuming that Foster intended to refer to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), she neither stated any federal cause of action nor sought relief under any federal law. Rather, she explicitly disclaimed seeking relief under federal law. (Docket Entry No. 5).

This court grants the motion to remand for lack of subject matter jurisdiction.

**IV.     Plaintiff's Motion for Costs**

In her motion to remand, Foster requests that this court award costs and attorneys' fees, asserting that ExxonMobil's removal of this cause of action was frivolous. Under section 1447(c), this court has wide discretion in determining whether to impose costs and attorneys' fees for improper removal. 28 U.S.C. § 1447(c); *Valdes v. Wal-Mart Stores, Inc.*,

199 F.3d 290, 291 (5th Cir. 2000).  The Fifth Circuit has stated that the propriety of removal continues to be central in determining whether to impose fees.  *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).  An award of attorneys' fees under section 1447(c) does not require that the removing party act in bad faith, but such an award does require that the nonremovability be obvious.  *News-Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216, 220, n.10 (5th Cir. 1987) (citing CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3739 (2d ed. 1985)).  The court does not inquire into the removing party's motive, but rather looks only at the objective merits of the removal.  *Valdes*, 199 F.3d at 292.

The fact that Foster did refer to a violation of federal law in a state court filing does not confer removal jurisdiction, but it made the removal nonfrivolous.  The motion for costs and fees is denied.

**V.     Conclusion**

This court grants Foster's motion to remand and denies Foster's motion for attorneys' fees and costs.  This action is remanded to the 190th Judicial District of Harris County, Texas.

SIGNED on June 13, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge